## Appeal of St. Patrick's R. C. B. Association

*Joseph M. Hill* and *Clarence D. Becker*, for appellant.

*Horace Siegelbaum*, contra.

EHRGOOD, P. J., April 28, 1944.—The above-named appellant has appealed to this court, from an order of July 23, 1943, of the Pennsylvania Liquor Control Board, refusing to grant appellant's application for a club liquor license for its premises located in the City of Lebanon, Lebanon County, Pa. The specific reason assigned by the board for refusing appellant's application for said license is as follows: "The quota of licenses for the retail sale of liquor and malt and brewed beverages in the City of Lebanon, Pennsylvania, as defined by the Act of June 24, 1939, P. L. 806, sec. 2, is exceeded, and the Board is prohibited from issuing

any new licenses, except hotels, for this particular municipality."

Counsel for appellant and also the Pennsylvania Liquor Control Board, hereafter called the "board", filed a stipulation wherein it is agreed:

1. That appellant has complied with all the requirements of the board requisite to qualify it to become the holder of a retail club liquor license.

2. Counsel have agreed to waive a hearing for the purpose of taking testimony.

3. The quota of licenses for the retail sale of liquor in the City of Lebanon, Pa., as defined by the Act of June 24, 1939, is exceeded.

4. The only question involved in this appeal is the legal question whether or not the board may grant a club liquor license to this applicant, as the quota of licenses for the retail sale of liquor, malt or brewed beverages, fixed by section 2 of said act, for the City of Lebanon, Pa., is exceeded.

The stated purpose for the passage and approval of the Liquor License Quota Act of June 24, 1939, P. L. 806, is as follows:

"Limiting the number of licenses for the retail sale of liquor, malt or brewed beverages, or malt and brewed beverages, or malt and brewed beverages, to be issued by the Pennsylvania Liquor Control Board; defining hotels, and prescribing the accommodations required of the hotels in certain municipalities."

The act contains three sections:

Section 1 thereof defines the meaning of "hotel" as used in the act and defines the accommodation required of them in various municipalities, dependent upon the population of such municipalities.

Section 2 thereof reads as follows:

"No licenses shall hereafter be granted by the Pennsylvania Liquor Control Board for the retail sale of malt or brewed beverages, or the retail sale of liquor and malt or brewed beverages, in excess of one of such licenses, of any class, for each one thousand inhabitants

or fraction thereof, in any municipality, exclusive of licenses granted to hotels, as defined in this act, and clubs; but at least one such license may be granted in each municipality, except in municipalities where the electors have voted against the granting of any retail licenses. Nothing contained in this section shall be construed as denying the right to the Pennsylvania Liquor Control Board to renew or to transfer existing retail licenses of any class, notwithstanding that the number of such licensed places in a municipality shall exceed the limitation hereinbefore prescribed; but where such number exceeds the limitation prescribed by this act, no new license, except for hotels as defined in this act, shall be granted so long as said limitation is exceeded."

Section 3 thereof provides as follows:

"The Pennsylvania Liquor Control Board shall have the power to increase the number of licenses in any such municipality which, in the opinion of the board, is located within a resort area."

Appellant contends that the proper interpretation of the Liquor License Quota Act of June 24, 1939, P. L. 806, is to exclude clubs from its provisions, and, notwithstanding that the number of retail licenses in a municipality calculated in accordance with the provisions of said act exceeds the limitation prescribed therein, the Liquor Control Board is not prohibited from issuing a new license to a club.

Counsel for the board contends that there is no ambiguity in the wording of section 2 of the act and that the intention of the legislature to prohibit the issuance of new club licenses, when the number of retail licenses in a municipality exceeds the limitation prescribed in the act, is clearly expressed in the language used therein and the court cannot supply words which the legislature failed to incorporate, as the meaning of a clause in an act of assembly must be ascertained, if possible, from the act itself.

As a general proposition of law relating to the construction of language clearly expressed in an act of assembly we agree with this statement. However, it must be borne in mind that this act is remedial in its nature. In considering this problem the abuses which grew out of the administration and enforcement of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended by the Act of June 16, 1937, P. L. 1762, and the Beverage License Law of May 3, 1933, P. L. 252, as amended by the Act of June 16, 1937, P. L. 1827, are sought to be remedied by this legislation. Therefore, the court, in disposing of this question, should have in mind the pertinent provisions of these acts of assembly so far as they relate to section 2 of the Act of 1939, and also the mischief sought to be remedied. In our opinion the granting of licenses to hotels, as defined in this act, and to bona fide clubs, has no relation to the abuses sought to be remedied. The fact that the legislature in the first sentence of section 2 specifically excluded hotels as defined and clubs convinces us that such licenses were not considered as a reason for this remedial legislation.

Counsel for appellant and the board have called to our attention numerous opinions of numerous courts of quarter sessions in this Commonwealth which indicate that a decided conflict has arisen in the determination of this question. The arguments, pro and con, have been seriously and conscientiously considered by the courts of other jurisdictions with the result that there is about an equal division of opinion as to the correct interpretation and construction to be applied. After giving consideration to these conflicting precedents, and without discussing at length the reasons given for holding that clubs were or were not intended to be excluded by the board in granting new licenses to clubs, under the circumstances here present, we have come to the conclusion that there is uncertainty and ambiguity in the language of section 2 of the Act of 1939, when read in conjunction with the related Liquor Control

and Beverage License Acts. The fact that there is such an equal conflict of opinion on the subject is persuasive and confirmatory to us that such ambiguity exists.

Article IV, sec. 52, par. 1, of the Statutory Construction Act of May 28, 1937, P. L. 1019, provides, "in ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others: (1) that the Legislature does not intend a result that is absurd, impossible of execution or unreasonable".

We are convinced that the legislature did not intend to create the absurd and unreasonable results which are referred to by Judge Hoban, in the Appeal of Lithuanian Beneficial Association (Court of Quarter Sessions of Lackawanna County, May sessions, 1940, no. 284), and by Judge Shull in Appeal of Thomas P. Lambert Post No. 2540, V. F. W., 49 D. & C. 281. The interpretation which we adopt avoids the absurd and unreasonable results referred to.

We, therefore, conclude that the legislature in enacting the Liquor License Quota Act of June 24, 1939, did not intend to restrict the board in issuing licenses for the retail sale of liquor and malt and brewed beverages to bona fide clubs, even though the population limitation set forth in section 2 thereof is exceeded in the municipality in which the club license is being applied for.

In accordance with the foregoing, we make the following order:

And now, to wit, April 28, 1944, it appearing to the court that appellant has complied with all the requirements of the board requisite to qualify it to become the holder of a club liquor license for its premises located in the City of Lebanon, Lebanon County, Pa., it is hereby ordered and decreed that the Pennsylvania Liquor Control Board issue to petitioner, St. Patrick's R. C. B. Association of Lebanon, Pa., a club liquor license for its premises situate in the City of Lebanon,

aforesaid, upon compliance by said club with any further requirements, rules, and regulations of the board pertaining thereto; the costs of this proceeding to be paid by appellant.